UME KIMURA *v.* HONOLULU RAPID TRANSIT & LAND COMPANY, A CORPORATION.

No. 1645.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. R. J. O'BRIEN, JUDGE.

SUBMITTED MAY 25, 1926.                    DECIDED JUNE 9, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

EVIDENCE—*map.*

A map of the place where an accident occurs is competent evidence notwithstanding the fact that the jury has already viewed the locality.

OPINION OF THE COURT BY BANKS, J.

The plaintiff (appellee) brought suit against the defendant (appellant) for damages on account of personal injuries. It appears from the complaint that on the 26th day of October, 1924, plaintiff was a passenger on one of defendant's street cars. In response to a signal given by her the car was brought to a stop on King street near Robello lane. While attempting to alight from the car and before she had succeeded in doing so the car started and she was thrown to the ground and seriously injured. Upon the trial of the issues before a jury a verdict was rendered in favor of the plaintiff in the sum of $3000. Defendant brings the case here on exceptions.

It is claimed that the court below erred in allowing the plaintiff to introduce certain evidence in rebuttal. After the plaintiff had rested her case in chief and the defendant had rested its case plaintiff offered in rebuttal the testimony of a witness named Erwin Kirk, an employee of the defendant. The testimony of this witness

related solely to the general construction and dimensions of a car identical in type with the one on which plaintiff was a passenger at the time she was injured.

The plaintiff also offered in rebuttal a map of the locality where the accident occurred which showed the location of buildings and other objects in the immediate neighborhood. This map was prepared by Guy N. Rothwell, a civil engineer, who testified as to its correctness. In presenting its defense the defendant had offered evidence of where the car stopped with reference to Robello lane, the length of the car and its relative position to certain objects and buildings including a gas tank to which some of the witnesses testified the plaintiff was taken after she fell from the car. The testimony of Kirk and the map prepared by Rothwell were intended and were well calculated to meet some of the testimony the defendant had offered regarding locations and distances which testimony the plaintiff claimed was erroneous and which she therefore desired to rebut. The testimony of Kirk and the map were properly received for this purpose.

It is also contended by the defendant that the map was improperly received in evidence because the jury had already viewed the place of the accident. This contention is without merit.

The exceptions are overruled.

*Thompson, Cathcart & Beebe* for plaintiff.

*Robertson & Castle* for defendant.